IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ NEGRÓN-CARDONA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: 16-1978 (PAD)
Related to: 07-453 (PAD)

**REPORT AND RECOMMENDATION**

On May 24, 2016, petitioner José Negrón-Cardona filed a motion to vacate, set aside or correct sentence under Title 28, United States Code, Section 2255 ("§2255 motion"). ECF No. 1. Pending before the court is the United States' motion to dismiss for lack of jurisdiction. ECF No. 4.

The relevant procedural posture is not in controversy. On February 25, 2009, petitioner was sentenced in case 07-453 (PAD) for conspiring to possess with intent to distribute at least fifty but less than one hundred and fifty grams of cocaine base within a protected location and for possession of firearms in relation to a drug trafficking offense. ECF No. 1718 in case 07-453 (PAD). Judgment was entered accordingly two days afterwards. Id. at ECF No. 1721.

On May 7, 2009, petitioner filed a notice of appeal which was dismissed on January 7, 2010. ECF Nos. 1783, 1955 in case 07-453 (PAD). Petitioner then filed a motion for reconsideration that was denied. ECF Nos. 1965, 1968 in case 07-453 (PAD). On June 30, 2010, petitioner filed a motion to vacate his sentence under 28 U.S.C. §2255 which was denied by the court in December of said year. ECF Nos. 2014, 2066, 2067 in case 07-453 (PAD).

1

On August 2, 2011, petitioner then filed a motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. §3582. ECF No. 2125 in case 07-453 (PAD). This time petitioner fared better than his previous post-judgment efforts, and on January 23, 2012, the court reduced his sentence with respect to count one of the indictment from 151 months to 121 months of imprisonment. ECF No. 2233 in case 07-453 (PAD). The 60-month of imprisonment with respect to count six of the indictment, however, remained unaltered. Id.

Undaunted, petitioner then filed on November 14, 2014 a motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines, but said motion was denied on March 16, 2015. ECF Nos. 2646, 2709 in case 07-453 (PAD). On January 15, 2016, petitioner filed yet another motion to reduce his sentence under Amendment 782, and once again his request by denied. ECF Nos. 2817, 1854 in case 07-453 (PAD).

Less than a month after the denial of his second motion to reduce the sentence under Amendment 782, petitioner filed his second §2255 motion which is currently pending before the court.

> The [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Under this paradigm, a second or successive habeas petition is not a matter of right—and the gatekeeping function belongs to the court of appeals, not to the district court. See Felker v. Turpin, 518 U.S. 651, 661, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997), cert. denied, 523 U.S. 1123, 118 S.Ct. 1807, 140 L.Ed.2d 945 (1998).

Libby v. Magnusson, 177 F.3d 43, 45 (1st Cir. 1999). Thus, petitioner was required to ask the court of appeals for prior authorization to proceed in the district court.

No indication has been given to suggest that petitioner ever received permission from the

pertinent appellate forum to file his second §2255 motion. "[A] district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals." United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)). Therefore, the government's motion to dismiss should be GRANTED and petitioner's §2255 motion should be DISMISSED.

    IT IS SO RECOMMENDED.

The parties have fourteen (14) business days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B), and Local Rule 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994)**;** United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 29th day of June, 2017.

                                                s/Marcos E. López
                                                United States Magistrate Judge